Burnham *v.* Ross.

———————◆———————

## NOAH BURNHAM *versus* JESSE ROSS.

By R. S., 1857, c. 83, § 1, and c. 82, § 97, in actions of trespass *quare clausum fregit,* and all actions where the title to real estate is at issue, according to the pleadings or brief statement filed by either party, the plaintiff is entitled to full costs, although he recovers less than twenty dollars damages. — GOODENOW, J., *dissenting.*

The Supreme Judicial Court has original as well as concurrent jurisdiction, with justices of the peace, of actions of trespass *quare clausum,* although the damages demanded are less than twenty dollars.

The plaintiff's declaration is a part of the pleadings.

THIS was an action of TRESPASS *quare clausum fregit,* for breaking and entering the plaintiff's close, with counts for cutting and carrying away pine trees, &c. The verdict was for the plaintiff for $5,87 damages. The presiding Judge, GOODENOW, J., ordered the clerk to make an entry on his docket, restricting the plaintiff to costs equal only to one quarter of the amount of damages recovered. The plaintiff excepted.

*H. L. Whitcomb,* for the plaintiff.

The general provision of law gives full costs to the prevailing party. *Ellis* v. *Whittier,* 37 Maine, 548; *Lawrence* v. *Ford,* 44 Maine, 427. Any statute modifying this rule is to be strictly construed. In a new or revised statute, a doubtful meaning is to be construed favorably to the previous law.

*ย*

The reasonable construction of the former and present statute is, that this Court has original jurisdiction of all actions involving the title to real estate. In actions of trespass *quare clausum*, the plaintiff must allege and prove title in himself.

The plaintiff's declaration is a part of the "pleadings," as is the bill in equity proceedings. Story's Eq. Pleading, § 4 and note; 1 Chitty's Pleading, 215; Gould's Pleading, c. 1, § § 2 and 3.

In trespass *quare clausum*, the declaration and the general issue pleaded, put the title in issue. All actions which put in issue rights to real estate, are real actions. 7 Pick., 152; 10 Pick., 473.

The restriction to quarter costs is limited to actions which should have been brought before justices of the peace. But here the plaintiff has his election to bring his suit before either court. *Morrison* v. *Kittridge*, 32 Maine, 100, is decisive of this point.

The action having been commenced before the last revision took effect, the costs should be taxed under the statutes of 1841. Repealing Act of 1857, § 2; *Sawyer* v. *Bancroft*, 21 Pick., 211.

*R. Goodenow*, for the defendant, cited the language of the Revised Statutes of 1857, c. 83, § 1, and argued that justices of the peace have original and not concurrent jurisdiction in all actions where the damages do not exceed $20, and that this action should have been brought before a justice, and then, if either party requested, removed to the higher Court. In that case, the plaintiff would have recovered full costs. In *Lawrence* v. *Ford*, 44 Maine, 420, MAY, J., says, that the amount of judgment recovered, if, as in this case, not over $20, determines whether the action should have been brought before a justice of the peace.

It is not the policy of the law to encourage bringing actions for a merely nominal trespass in the highest Court, thereby increasing costs *ad libitum*, which the defendant, however

willing to pay the plaintiff his actual damages, has no power to avoid.

In the case at bar, if the action had been brought before a justice of the peace, the defendant could have settled it by paying the actual damages and costs to small amount, without being dragged into expensive litigation.

The opinion of the Court was drawn up by

APPLETON, J.—It is provided by R. S., 1841, c. 116, § 1, that " every justice of the peace" * * " shall have original and exclusive jurisdiction of all civil actions wherein the debt or damages demanded do not exceed twenty dollars; excepting *real actions, actions of trespass on real estate, actions for disturbance of a right of way, or of any other easement,* and all other actions where the title to real estate, according to the pleadings with brief statement, filed in the case by either party, may be in question," &c.

By R. S., 1857, c. 83, § 1, every justice of the peace has " original and exclusive jurisdiction of all civil actions, including prosecutions in which his town is interested, where the debt or damages demanded do not exceed twenty dollars, except those in which the title to real estate, according to the pleadings or brief statement, filed in the case by either party, is in question," &c.

It is apparent that the words in italic in the Act of 1841, which are omitted in the revision of 1857, were stricken out for the purpose of condensation. The expression, " except those in which the title to real estate, according to the pleadings or brief statement filed in the case by either party, is in question," includes the very cases for which special provision is made in the revision of 1841. It embraces in its generality " real actions, actions of trespass on real estate, actions for disturbance of a right of way or of any other easement," as well as " all other actions, where the title to real estate, according to the pleadings or brief statement, filed in the case by either party, may be in question."

The word "pleadings" includes the declaration as well

as the plea filed. "Pleading is the statement, in a logical and legal form, of the facts which constitute the plaintiff's cause of action or the defendant's ground of defence; it is the formal mode of alleging that on the record which would be the support, or defence of the party in evidence." 1 Chitty on Pleading, 217; Stephen on Pleading, 2. "The pleading begins with the *declaration* or count, which is a statement on the part of the plaintiff of his cause of action." Stephen on Pleading, 38. "The mutual altercations, which constitute the pleadings in civil actions, consist of those formal allegations and denials, which are offered on one side for the purpose of maintaining the suit, and on the other for the purpose of defeating it," &c. Gould on Pleading. The action in the present case is trespass *quare clausum fregit*. The plaintiff asserts title to real estate, which thereby is "in question." *Crocker* v. *Black*, 16 Mass., 448.

So far as relates to the jurisdiction of magistrates, the law is neither changed, nor intended to be changed.

By R. S., c. 77, § 3, the Supreme Judicial Court "has the jurisdiction, civil, criminal and appellate, of the former District Court, and may exercise it as that Court was authorized to do, or as the laws prescribe." It will not be questioned, that the District Court had original as well as concurrent jurisdiction with a justice of the peace, and that this suit might have been commenced before either tribunal, and that the plaintiff in either court would have recovered full costs. *Morrison* v. *Kittridge*, 32 Maine, 100; *Sutherland* v. *Jackson*, 32 Maine, 80.

By R. S., 1857, c. 82, § 94, it is enacted that, "in all actions, the party prevailing shall recover costs, unless otherwise specially provided."

It is insisted that a special provision limiting costs in a case like the present is to be found in R. S., 1857, c. 82, § 97, which provides, that "if it appears on the rendition of judgment that the action *should* have been commenced before a municipal or police court or a justice of the peace, the plaintiff shall not recover for costs more than one-quarter

part of his debt or damages." This section is but a reënact-ment of R. S., 1841, c. 151, § 13, with the modification in relation to costs when towns are parties, as provided by stat-ute 1842, c. 31, § 20. But so far as relates to the present inquiry, c. 151, § 13, received a judicial construction in *Sutherland* v. *Jackson*, 32 Maine, 80, and in *Morrison* v. *Kittridge*, 32 Maine, 100; and it was there determined, in a case like the present in principle, that the plaintiff was enti-tled to full costs, notwithstanding he recovered less than twenty dollars damages.

The construction given to the Act of 1841, must be regard-ed as applicable to R. S., 1857, c. 82, § 97, since the same language is used in both Acts, and, by its use, the Legislature must be regarded as affirming the meaning given to it by this Court in the cases before alluded to.

The result is, that the plaintiff is entitled to full costs.

*Exceptions sustained.*

TENNEY, C. J., and CUTTING, DAVIS, and KENT, JJ., concur-red.

GOODENOW, J., dissenting,—I do not concur. In my opin-ion, the R. S., of 1857, changed the law in relation to costs in actions *quare clausum;* and there were obvious and strong reasons why it should be changed to avoid vexatious suits.

---

BURNHAM *v.* Ross, and MAXWELL *v.* POTTER.

MEMORANDUM BY KENT, J. — I understand that, before the recent revision of the statutes, it was perfectly well settled, in all actions, whether-real ac-tions, or for trespass *quare clausum*, or on the case, or in any other form, where, by the *plaintiff's showing, in his writ and declaration, the title to real estate* MIGHT be brought in question by defendant, or where such title must be established as the foundation of the claim of the plaintiff, that the District Court, or now, the Supreme Court, had concurrent jurisdiction, although the damages demanded were less than $20; and that such cases did fall within the exceptions of the statute giving exclusive jurisdiction to justices of the peace of cases under $20.

It followed that such cases were not those which " upon rendition of judg-ment appear to be of the class which should have been originally brought be-fore a justice of the peace;" and, therefore, full costs were allowed to the plain-tiff in those cases.

Burnham *v.* Ross.

The question in these cases is not one of jurisdiction strictly, but of costs. The *ad damnum* or damages demanded in both cases exceed $20. c. 83, § 1. This Court *prima facie* has *jurisdiction*. The statute does not oust *jurisdiction* of the case, when upon rendition of verdict or final judgment it appears that the real damage recovered is less than $20; but it punishes the party for bringing into this Court such a case, by limiting his cost to one quarter of the damages. The very fact that this Court can render judgment in such a case for less than $20, damages, and the one-quarter costs, shows that we have jurisdiction fully, where the damages *demanded* in the writ are over $20.

The question here, however, is, on what principles are the costs regulated. In all, except the specified cases, when it appears at the rendition of judgment that less than $20 damages are recovered, it is a case which should have been brought before a justice of the peace, and quarter costs only are allowed.

Should these actions have been brought before a justice ? Under the former statute and decisions, it is not doubted that they would have been properly brought here, and full costs would be taxed.

Has the statute of 1857, c. 83, § 1, changed the former rule ? If it has, it is a very important change. At first view, it looks as if some change was intended, beyond a mere condensation, as the particular cases named in the statute of 1841, c. 116, § 1, are omitted entirely, and the general expression only retained, with a change of *tense*. In the statute of 1841, the language is, "where the title to real estate *may be* in question," according to the pleadings of either party. In the recent statute, the language is, where the title, according to the pleadings, &c., *is* in question.

It is contended that the title is not in question until called in question by the defendant; that the declaration is no part of the " pleadings or brief statement," and that a possibility that the title may be called in question is not the fact intended.

If the writ and declaration are a part of the pleadings, then, strictly speaking, when the plaintiff alleges title to real estate in himself as the foundation of his action, the title is in question.

It will be observed that the new statute omits " *real actions*" with the rest. The only restriction, against bringing real actions before a justice, is now found in the general language of the recent statute. How would it be if, in a real action, a disclaimer only was pleaded and contested and found for plaintiff, as to costs ? The law, and the practice under it, have now been so long established and practiced upon, that unless it clearly appears that a change was intended, I am inclined to hold to the old construction. If the Legislature wish to change it, they can do so by a new statute. I do not think that the omission of specified cases, and the change of tense, are sufficient to justify the great change contended for.